1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DEBBRA L. SANDERS,

11

               Plaintiff,

12

    v.

13

CAROLYN W. COLVIN, Acting

14

Commissioner of the Social Security
Administration,

15

               Defendant.

16

CASE NO. 13-cv-05221 BHS

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

Noting Date: May 23, 2014

17

     This matter has been referred to United States Magistrate Judge J. Richard

18

Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19

4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20

271-72 (1976).  This matter has been fully briefed (*see* Dkt. Nos. 13, 15, 16).

21

     After considering and reviewing the record, the Court finds that the ALJ erred

22

when he relied on the testimony of a vocational expert to find that plaintiff could work as

23
24

an agricultural produce sorter, small electronics assembler and copy machine operator

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

1    where the Dictionary of Occupational Titles' classification of the manipulative

2    requirements of these occupations exceeded plaintiff's functional capacity and the

3    vocational expert offered no explanation for this discrepancy.

4    BACKGROUND

5       Plaintiff, DEBBRA L. SANDERS, was born in 1960 and was 45 years old on the

6    alleged date of disability onset of October 15, 2006 and 51 years old on the date of the

7    ALJ's decision (*see* Tr. 16, 191, 193).  At the administrative hearing, plaintiff amended

8    her alleged date of disability onset to October 10, 2010 (Tr. 62-63).  Plaintiff obtained her

9    GED and attended college for two years, but did not earn a degree (Tr. 67-68).  Plaintiff

10    served eight years in the Air Force and was an avionics communications specialist (Tr.

11    69).  Plaintiff has past work experience as a banquet manager for a hotel, bartender and

12    food server (Tr. 72).

13

14       At the time of the hearing, plaintiff was single and living in a government

15    subsidized apartment (Tr. 66, 71).

16       Plaintiff has at least the severe impairments of "cerebrovascular accident (CVA)

17    with stent placement; superficial femoral atherosclerosis; obesity; methamphetamine

18    abuse in remission; and organic mental disorder (20 CFR 404.1520(c) and 416.920(c))"

19    (Tr. 21).

20    PROCEDURAL HISTORY

21       In 2006 and 2008, plaintiff previously filed claims for Disability Insurance

22    Benefits ("DIB") and Supplemental Security Income ("SSI").  These claims were denied

23

24

1   by an ALJ on June 24, 2010 (Tr. 100-120).   This Court affirmed the ALJ's denial of

2   benefits on February 16, 2012 (Tr. 35-55).

3   On July 15, 2010, plaintiff protectively filed applications for disability insurance

4   ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security

5   Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social

6   Security Act (*see* Tr. 19, 191-92, 193-99). These applications were denied initially and

7   following reconsideration (Tr. 121-24). Plaintiff's requested hearing was held before

8   Administrative Law Judge Rudy (Rudolph) M. Murgo ("the ALJ") on June 8, 2012 (*see*

9   Tr. 59-99). On July 5, 2012, the ALJ issued a written decision in which the ALJ

10  concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.16-

11  34).

12

13  On January 25, 2013, the Appeals Council denied plaintiff's request for review,

14  making the written decision by the ALJ the final agency decision subject to judicial

15  review (Tr. 1-4). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

16  seeking judicial review of the ALJ's written decision in March 2013 (*see* Dkt. Nos. 1, 3).

17  Defendant filed the sealed administrative record regarding this matter ("Tr.") on August

18  6, 2013 (*see* Dkt. Nos. 9, 10).

19  In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) whether the

20  ALJ erred in finding plaintiff capable of performing other work that exists in the national

21  economy; (2) whether the Medical-Vocational Guidelines direct a finding of disability;

22  and (3) whether the ALJ erred in failing to follow the requirements of Social Security

23  Rulings ("SSR") 83-12 and 96-9p (*see* Dkt. No. 14, pp. 5-6).

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1

<u>STANDARD OF REVIEW</u>

2

3
      Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

4

5
the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). A claimant is disabled pursuant to the Act

6

7
only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work

8

9
experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d

10

11
1094, 1098 (9th Cir. 1999).

12
      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

13
denial of social security benefits if the ALJ's findings are based on legal error or not

14
supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

15
1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

16
1999)). In the context of social security appeals, legal errors committed by the ALJ may

17
be considered harmless where the error is irrelevant to the ultimate disability conclusion

18
when considering the record as a whole. *Molina,* 674 F.3d at 1117-1122; *see also* 28

19
U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

20

<u>DISCUSSION</u>

21

22
**(1) Whether the ALJ erred in finding plaintiff capable of performing other**

23
**work that exists in the national economy.**

24

1        At the final step of the sequential disability evaluation process, the ALJ found that

2   plaintiff was capable of performing other work that exists in substantial numbers in the

3   national economy including work as a photocopy machine operator, agricultural produce

4   sorter and simple electronics worker (Tr. 29).  Plaintiff argues that the ALJ erred by

5   basing this step five finding on unreliable vocational expert ("VE") testimony (Dkt. No.

6   14, pp. 7-8).  Specifically, plaintiff argues that the VE's testimony (that the occupations

7   identified were consistent with a residual functional capacity ("RFC") limitation to

8   occasional grasping, gripping, feeling and fingering with the left non dominant hand) was

9   contrary to the Dictionary of Occupational Titles' ("DOT") classification of the

10   manipulative requirements of these occupations (Dkt. No. 14, pp. 7-8).

11   Social Security Ruling ("SSR") 00-4p states that the Administration relies "primarily on

12   the DOT (including its companion publication the SCO [the Revised Dictionary of

13   Occupational Titles]) for information about the requirements of work in the national

14   economy."   2000 WL 1898704 at *2.  The Commissioner typically uses these

15   publications at steps four and five of the sequential evaluation process but may also

16   consult the testimony of a VE to resolve complex vocational issues at these steps. When

17   the VE's testimony is in conflict with the DOT specifications, an ALJ has an

18   "'affirmative responsibility' to inquire as to the reasons and evidentiary basis for the

19   VE's deviation." *Bray*, 554 F.3d at 1234 (*citing* SSR 00-4p, 2000 WL 1898704 at *2;

20   *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008); *Massachi v. Astrue*, 486 F.3d

21   1149, 1153(9th Cir. 2007)).  According SSR 00-4p:

1
2

[B]efore relying on VE or VS evidence to support a disability
determination or decision, [the ALJ] must:

3

- Identify and obtain a reasonable explanation for any conflicts
  between occupational evidence provided by VEs or VSs and
  information in the Dictionary of Occupational Titles (DOT)…
  and

4
5
6

- Explain in the determination or decision how any conflict that has
  been identified was resolved.

7   SSR 00-4p, 2000 WL 1898704 *1. Regarding any conflict, the Ruling indicates further

8   that:

9
10
11
12

Neither the DOT nor the VE or VS evidence automatically 'trumps'
when there is a conflict. The adjudicator must resolve the conflict by
determining if the explanation given by the VE or VS is reasonable and
provides a basis for relying on the VE or VS testimony rather than on the
DOT information.

*Id.* at *2.

13

14      Defendant concedes that the occupations of copy machine operator and simple

15   electronics worker "may be" inconsistent with plaintiff's RFC, because these occupations

16   require manipulative abilities in excess of the RFC (Dkt. No. 18, p. 9 n3).  Defendant is

17   correct in her concession.  The DOT classifies the fingering requirements of

18   photocopying machine operator and electronics worker as "frequent," which is in excess

19   of plaintiff's limitation to occasional fingering with the left hand (Tr. 23).  DICOT

20   207.685-014 (photocopying machine operator), 1991 WL 671745; DICOT 726.687-010,

21   1991 WL 679633 (electronics worker).

22      Defendant argues that this error was harmless because the remaining occupation of

23   agricultural produce sorter requires no fingering (Dkt. No. 18, p. 9 n3; DICOT 529.687-

24

186, 1991 WL 674781).  Although the agricultural produce sorter occupation requires

constant handling, defendant asserts that this requirement is immaterial because no

"handling" limitation was included in the RFC (Dkt. No. 18, p. 9-10; DICOT 529.687-

186, 1991 WL 674781).

Defendant's argument is without merit.  The Commissioner's own ruling defines

handling as "seizing, holding, grasping, turning or otherwise working primarily with the

whole hand or hands".  SSR 85-15, 1985 WL 56857 * 7.  The ALJ limited plaintiff to

occasional grasping and gripping with the left hand (Tr. 23).  Grasping and gripping

(seizing/holding) are included within the Commissioner's definition of "handling."  For

this reason, the VE's testimony that the occupation of agricultural produce sorter could be

performed by an individual who was limited to occasional grasping and gripping is

inconsistent with the DOT description of this occupation.

Although the ALJ asked the vocational expert to explain any testimony that was

inconsistent with the DOT, the VE offered no explanation for this discrepancy (Tr. 29-

97).  For this reason, the ALJ's finding that plaintiff can perform other work is not

supported by substantial evidence in the record.  As such, the ALJ failed to meet his

burden at step five to prove that plaintiff was capable of performing other work.  *See*

*Bowen*, 482 U.S. at 146 n.5.

**(2) Whether the Medical-Vocational Guidelines direct a finding of disability**.

Plaintiff also argues that a finding of disability is directed by the Medical-

Vocational Guidelines ("The Grids") in 20 CFR Part 404, Subpart P, Appendix 2.  This

Court disagrees.

The Grids contain rules that direct conclusions of 'Disabled' or 'Not Disabled' where all of a claimant's vocational related findings, including RFC, age, education and past work, coincide with those of the rule.  SSR 83-12, 1983 WL 31253 * 1. These conclusions are based on the individuals' remaining occupational base, as determined by the RFC and the individual's age, education and work experience.  *Id.*

The Grids do not direct such conclusions when an individual's RFC does not coincide with the specific criteria of any one of the exertional ranges, i.e., sedentary, light, and medium, as defined in the regulations. *Id.* *1 (referencing 20 CFR §§ 404.1567, 416.967).  This is because, where an individual's RFC does not fully coincide with any one of the exertional ranges of work, the occupational base is affected and may or may not represent a significant number of jobs.  *Id.* * 2.  Where the extent of the erosion of the occupational base is not clear, SSR 83-12 directs the adjudicator to consult a vocational resource.  *Id.*

Here, plaintiff's RFC is for less than a full range of light work activities and includes a range of postural, manipulative, environmental and mental limitations as well as the ability to sit and stand at will (Tr. 23).  The extent to which these limitations would erode the occupational base is not clear.  Moreover, SSR 83-12 and SSR 96-9p direct that a vocational source be consulted to clarify the implications for the occupational base in cases of unusual limitation in the ability to sit or stand.   SSR 83-12, 1983 WL 31253 * 4; *accord* SSR 96-9p, 1996 WL 374185 * 7.   For these reasons, The Grids do not direct a finding of disabled in this case and remand for further development of the vocational record is necessary.

CONCLUSION

The ALJ erred at step five by failing to reconcile the conflict between the VE's testimony and the DOT.  As such, it is not possible to determine whether substantial evidence supports the ALJ's finding that plaintiff can perform other work.  Additionally, the Grid Rules do not direct a finding of disabled in this case because the impact of plaintiff's RFC on the occupational base is not clear.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 23**,** 2014, as noted in the caption.

Dated this 2nd day of May, 2014.

J. Richard Creatura
United States Magistrate Judge